IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


MARK A. WARD,                    )
                                 )
    Plaintiff,                   )
                                 )
    v.                           )    1:03CV1170
                                 )
PETER E. MALONEY, Plan           )
Administrator Lin Television,    )
                                 )
    Defendant.                   )


MEMORANDUM OPINION

OSTEEN, District Judge

   Plaintiff Mark A. Ward brings this action against Defendant Peter E. Maloney, the plan administrator of the LIN Broadcasting Corporation Retirement Plan, a retirement plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. Plaintiff, a Plan participant, brings suit pursuant to 29 U.S.C. §§ 1109, 1132(a)(2), and 1132(a)(3), claiming Defendant breached his fiduciary duties and requesting equitable relief in the form of benefits and injunctive relief. This matter is now before the court on Defendant's motion for judgment on the pleadings, Plaintiff's motion for summary judgment, and Defendant's motion to show cause for sanctions and for a protective order. For the reasons set forth herein, Defendant's motion for judgment on the pleadings will be granted; Plaintiff's

motion for summary judgment and Defendant's motion to show cause will be denied as moot.

I. **BACKGROUND**

The following facts are undisputed by the parties.[1]

Plaintiff Ward is a former employee of WAVY-TV, an affiliate of LIN Broadcasting Corporation. Plaintiff separated from WAVY-TV in 1993, but remains a participant in the LIN Broadcasting Corporation Retirement Plan (the "Plan"), of which Defendant is plan administrator.

Subsequent to his separation from WAVY-TV, Plaintiff applied for disability benefits under the Plan, alleging he had become totally disabled in 1997. Defendant denied Plaintiff benefits on January 22, 2002, because (1) the Plan had adopted a definition of permanent disability very similar to that of the Social Security Administration and Plaintiff's failure to file an application for Social Security benefits was counted as strong evidence against Plaintiff's claim; (2) Plaintiff's medical records did not support a determination that Plaintiff was unable

---

[1] Although the court must construe the facts in the light most favorable to the nonmoving party, see Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994), the facts necessary for determination as a matter of law are not in dispute. The court has taken judicial notice, pursuant to Rule 201(b) of the Federal Rules of Evidence, of matters in the public record, including the court record and filings in other litigation between the parties. Fed. R. Evid. 201(b); see French v. Chosin Few, Inc., 173 F. Supp. 2d 451, 457 (W.D.N.C. 2001) (quoting Morse v. Lewis, 54 F.2d 1027, 1029 (4th Cir. 1932)).

to work at any occupation or was permanently disabled; (3) Plaintiff's medical records were stale in that they were over three years old; and (4) the medical condition which Plaintiff claims was disabling did not prevent him from working from 1997 to 2001.  (Mem. Law Supp. Pl.'s Mot. Summ. J. Ex 2.)

Plaintiff brought suit in the Superior Court of the State of North Carolina, Forsyth County, challenging Defendant's denial of disability benefits under the Plan ("Ward I") pursuant to 29 U.S.C. § 1132(a)(1)(B).  The case was removed to this court based on federal question jurisdiction.  On June 14, 2004, the court entered summary judgment in favor of Defendant in Ward I, holding Plaintiff's claim for disability benefits failed as a matter of law because Defendant did not abuse his discretion in denying Plaintiff's application.  See Ward v. Maloney, No. 1:02CV00467, 2004 WL 1345089, at *3 (M.D.N.C. June 14, 2004).

During the pendency of Ward I, Plaintiff filed the instant suit, grounded in the same underlying facts and circumstances as Ward I, in the United States District Court for the District of Rhode Island.  Upon Defendant's motion to change venue, the case was transferred to this court.  This second suit seeks deprived plan benefits for breach of fiduciary duty, under 29 U.S.C. §§ 1109 and 1132(a)(2), and injunctive relief, under 29 U.S.C. § 1132(a)(3).  Plaintiff's suit is based, in large part, upon an admission made by Defendant in response to Plaintiff's first set

of interrogatories in Ward I.  There, Defendant admitted that, as of the date of Plaintiff's suit in Ward I, "it had a practice of asking all Plan participants for . . . a Social Security Administration Determination of disability."  (Mem. Law Supp. Pl.'s Mot. Summ. J. Ex. 3 at 5.)  Plaintiff claims Defendant's admission of the Social Security determination requirement, which was not an express term of the Plan, was a higher standard of proof of disability imposed without contractual authority and is, therefore, conclusive proof of a breach of fiduciary duty.  (Compl. ¶ 13.)  Plaintiff also claims that by sending plan information to Plaintiff which included the higher, extra-contractual standard, Defendant breached his fiduciary duties by providing materially misleading information.  (Compl. ¶¶ 8-11.)

Now pending is Defendant's motion for judgment on the pleadings, Plaintiff's motion for summary judgment, and Defendant's motion to show cause for sanctions and for a protective order.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that the defense of failure to state a claim upon which relief can be granted, usually brought under Rule 12(b)(6), may be raised by a Rule 12(c) motion for judgment on the pleadings.  Fed. R. Civ. P. 12(h)(2).  Although such a motion is viewed, as a matter of motions practice, as a Rule 12(c) motion for judgment on the

4

pleadings, courts still apply the standard for Rule 12(b)(6). <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion tests the legal sufficiency of the pleadings, but does not seek to resolve disputes surrounding the facts. <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992). A court must determine only if the challenged pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The issue is not whether the defendant will ultimately prevail on its claims, but whether it is entitled to offer evidence to support the claims. <u>Revene v. Charles County Comm'rs</u>, 882 F.2d 870, 872 (4th Cir. 1989). A pleading "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). The pleading must be liberally construed in the light most favorable to the nonmoving party and allegations made therein are taken as true. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849 (1969).

**III. ANALYSIS**

Defendant's motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is dispositive of this suit. Defendant, relying on <u>Varity Corp. v. Howe</u>, 516 U.S. 489, 116 S. Ct. 1065 (1996), argues Plaintiff cannot

5

maintain this cause of action for benefits under a breach of fiduciary duty theory, pursuant to 29 U.S.C. § 1132(a)(3), because Ward I, seeking benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), is an adequate remedy at law.  The court need not address all of Defendant's arguments because of this court's subsequent entry of summary judgment in favor of Defendant in Ward I.[2]  That decision, in which the court determined Defendant's consideration of Plaintiff's apparent lack of a Social Security filing was not an abuse of discretion, precludes Plaintiff's claims in this case under the doctrine of collateral estoppel or issue preclusion.

Collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding."  In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995).  It simply means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be again litigated between the same parties in any future lawsuit.  United States v. Davis, 460 F.2d 792, 795 (4th Cir.

---

[2] After Plaintiff's motion for summary judgment and Defendant's motion for judgment on the pleadings were fully briefed, Defendant requested the court take judicial notice of the binding nature of its decision in Ward I, pursuant to Rule 7.3(i) of the Local Rules of Civil Practice.  (See Def.'s Notice U.S. Ct. Appeals Fourth Circuit's Affirmation J. Companion Case.)

6

1972). To apply collateral estoppel or issue preclusion to an issue or fact, the proponent must demonstrate the following: (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding. In re Microsoft Corp. Antitrust Litig., 355 F.3d 322, 326 (4th Cir. 2004).

Applying these standards to the instant case reveals Plaintiff is precluded from relitigating whether Defendant's actions were a breach of his fiduciary duties. The issues here are identical to those raised in Ward I. There, Plaintiff argued on summary judgment that Defendant's demand for a Social Security disability determination prior to eligibility, and Plaintiff's subsequent denial of benefits for lack thereof, was an arbitrary and capricious act that constituted a breach of Defendant's fiduciary duties. See Ward v. Maloney, No. 1:02CV00467 (M.D.N.C. Mar. 12, 2004) (Pl.'s Mem. Law Opp'n Def.'s Mot. Summ. J. & Supp. Cross-Mot. Summ. J.) Plaintiff also argued the publication of the Social Security determination requirement was materially misleading. Id. Although Plaintiff used slightly different

7

language in his complaint in this case, the only difference between the allegations in Ward I and here is the specific section of the United States Code upon which Plaintiff brings suit.

The issue was fully resolved in Ward I and was critical to a binding judgment. After considering the parties' arguments, the court held Defendant's consideration of Plaintiff's apparent lack of a Social Security filing was not an abuse of discretion. <u>Ward v. Maloney</u>, No. 1:02CV00467, 2004 WL 1345089, at *4 (M.D.N.C. June 14, 2004). The court stated:

> Plaintiff is correct that the Plan's definition of Disability includes no specific requirement that a claimant file an application for Social Security benefits. On the other hand, it does not appear that the failure to file such an application was the primary reason Defendant denied Plaintiff's claim. The denial letter from Defendant to Plaintiff indicates that the failure to apply for Social Security benefits was considered "strong evidence" against Plaintiff's claim, but the letter also notes other significant reasons, including the fact that Plaintiff's medical evidence did not sufficiently establish a disability.
>
> . . . .
>
> The court cannot say that Defendant's consideration of Plaintiff's apparent lack of a Social Security filing was an abuse of discretion, particularly in light of the other evidence considered by Defendant which conclusively leads to the same result. As such, the court concludes that Defendant did not abuse his discretion in denying Plaintiff's application for disability benefits.

Id.[3]  The court's findings regarding the Social Security determination were critical and necessary to its judgment because Plaintiff argued four separate acts of Defendant were allegedly breaches of fiduciary duty and arbitrary and capricious, any one of which, if true, would have been sufficient to overturn Defendant's denial of benefits.  See Ward v. Maloney, No. 1:02CV00467 (M.D.N.C. Mar. 12, 2004) (Pl.'s Mem. Law Opp'n Def.'s Mot. Summ. J. & Supp. Cross-Mot. Summ. J.).  Furthermore, the court's decision was final and valid as it was upheld by the Fourth Circuit Court of Appeals in a per curiam opinion.  See Ward v. Maloney, No. 04-1920, 2004 WL 2526428 (4th Cir. Nov. 9, 2004).

Lastly, there can be no question but that Plaintiff had a full and fair opportunity to litigate the issue of the Social Security determination in Ward I.  The parties were cast as adversaries.  Plaintiff survived a motion to dismiss, waded through months of a highly contentious discovery process, and underwent mediation in litigation which lasted over two and one-half years.  While Plaintiff was pro se, as in the instant case, he was sufficiently able to represent himself.

---

[3]  The court relied on Elliott v. Sara Lee Corp., 190 F.3d 601, 607 (4th Cir. 1999), where the court suggested that, although a Social Security Administration ruling is not binding on a plan administrator or court, consideration of such a ruling is not impermissible.

9

Plaintiff has already received one bite at the proverbial apple in Ward I. Having failed to convince the court of the impropriety of Defendant's Social Security determination "requirement," Plaintiff is not entitled to another. Plaintiff is foreclosed from relitigating this matter, irrespective of whether it is couched in terms of an abuse of discretion, an arbitrary and capricious act, or a breach of Defendant's fiduciary duty.[4] The doctrine of collateral estoppel or issue

---

[4] It is of no consequence that the findings of the court in Ward I were expressed in terms of an "abuse of discretion" while the issue here is whether the actions were a breach of fiduciary duties. The applicable standard for whether Defendant abused his discretion in Ward I and whether he breached his fiduciary duties to the Plan at issue here is essentially the same — arbitrary and capricious. See Richards v. United Mine Workers of Am. Health & Ret. Fund, 895 F.2d 133, 135-36 (4th Cir. 1990) (comparing the old arbitrary and capricious standard to the newer abuse of discretion standard); DeCarlo v. Rochester Carpenters Pension, Annuity, Welfare and S.U.B. Funds, 823 F. Supp. 115, 118 (W.D.N.Y. 1993) ("A court, in deciding whether trustees have violated the common law-based fiduciary obligations that ERISA imposes . . . will simply ask whether their decisions are 'arbitrary and capricious in light of the trustees' responsibilities to all potential beneficiaries.'"). Federal courts have held when an act by a fiduciary is not arbitrary and capricious, it is not, as a matter of law, a breach of fiduciary duty. See, e.g., id. at 119 (holding actions of trustees were not arbitrary and capricious and thus did not constitute a breach of fiduciary duties under ERISA); Slye v. Central States Southeast & Southwest Areas Health & Welfare Fund, Nos. C2-95-1245 & C2-96-163, 1997 WL 683122, at *2 (S.D. Ohio Feb. 21, 1997) ("Since these facts were considered by the trustees, and their discretionary decision was not arbitrary and capricious . . . no breach of fiduciary duty claim can be maintained."); Fine v. Semet, 514 F. Supp. 34, 43-44 (S.D. Fla. 1981) (holding trustees' decision not to immediately pay accrued benefits was not arbitrary or capricious and thus did not constitute a breach of fiduciary duty under ERISA).

preclusion defeats Plaintiff's claims.  Defendant is entitled to judgment on the pleadings.

IV. **CONCLUSION**

For the reasons stated herein, the court will grant Defendant's Motion for Judgment on the Pleadings.  The court will deny as moot Plaintiff's Motion for Summary Judgment and Defendant's Motion to Show Cause for Sanctions and for a Protective Order.  A judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 17th day of May 2005.

/s/ William L. Osteen
United States District Judge